IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-258-BO

In re:

MYRTLE B. CROSS,

       Appellant,

v.

BANKRUPTCY ADMINISTRATOR,

       Appellee.

ORDER

This matter is before the Court on Myrtle B. Cross's ("Mrs. Cross") appeal of the United States Bankruptcy Court's Order Denying Motion to Reopen the Case and Appellee's Motion to Dismiss and alternative Motion for Extension of Time. Mrs. Cross has two claims: (1) that Mrs. Cross did not sign the deed of trust; and (2) that the attorney who initially handled the bankruptcy proceedings for Mr. Charles H. Cross's ("Mr. Cross") company, Cross Poultry Company ("Cross Poultry"), misled Mr. and Mrs. Cross (hereinafter collectively "the Crosses"). For the reasons stated below, Appellee's Motion to Dismiss is GRANTED.

I.     SUMMARY OF THE INSTANT DISPUTE

Mr. and Mrs. Cross filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 29, 1984. Over approximately nine years, a plan was developed and approved and a final decree was entered on March 4, 1993. On February 27, 2008, Mrs. Cross delivered a three-inch stack of documents, including copies of cancelled checks, adding machine tape, deeds of trust,

copies of documents from lawsuits filed against bankruptcy counsel, lists of debts, and a letter that stated:

> My husband has a lot of land in Holly Springs, and he went down and got it and Russell sold. My Husband was real sick and pass on. He took all that land & House the homeplace and sold it. I just can't believe it. The Land belong to his family. We look after it. He took that and sold it too. The other side of the family is real mad... I need money to live on. I work for the Internal Revenue for about 12 years before I stop. Please ask Judge Small to help me.

The Bankruptcy Court construed this letter and the notations on the various documents to be a motion to reopen the case based on Mrs. Cross' belief that there was insufficient debt to support a bankruptcy filing and that a deed of trust in favor of the Internal Revenue Service ("IRS") was forged. The Bankruptcy Court retrieved the file from the archives in Atlanta, Georgia, reviewed the case history, and reviewed the documents submitted by Mrs. Cross. On March 25, 2008, the Bankruptcy Court filed an Order Denying Motion to Reopen the Case because the motion was too late, the Court could not find that anything improper happened, and the Court did not find that cause existed to grant relief.

Plaintiff appealed the order on July 7, 2008, but failed to serve the Bankruptcy Administrator with her brief. On August 3, 2008, Appellee filed a Motion to Dismiss Appeal or in the Alternative, Motion for Extension of Time. On August 4, 2008, the deputy clerk copied Mrs. Cross's brief, which could not be scanned, and placed a copy in the clerk's office for the Bankruptcy Administrator to pick up. Mrs. Cross responded on August 25, 2008. This matter is now before the Court.

II. <u>DISCUSSION</u>

Mrs. Cross's case will not be reopened because she has not provided sufficient cause to reopen the case. This Court reviews the Bankruptcy Court's findings of fact for clear error[1] and findings of law de novo.[2] The decision to reopen a bankruptcy case is within the Court's discretion, and may be done to administer assets, to accord relief to the debtor, or for other cause.[3] A closed case should not be reopened if it is clear that no relief could be accorded the debtor.[4]

Mrs. Cross's two reasons for reopening the case make clear that no relief can be accorded to her. Mrs. Cross claims that: (1) her signature was forged on the trust deed to the IRS; and (2) her attorney misled her throughout the bankruptcy proceedings. First, even if Mrs. Cross's signature was forged on the trust deed, she has not provided sufficient evidence to reopen the case. Mr. and Mrs. Cross made a deal with their creditors in which the Crosses would give, *inter alia*, a trust deed to their residence[5] in exchange for a discharge of all of their debts, except the remaining balance due to the IRS.

The deal was made as part of a compromise, which resolved, in part, a legitimate

---

[1] *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992).

[2] *Perlow v. Perlow*, 128 B.R. 412, 414 (E.D.N.C. 1991).

[3] *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984); *see* 11 U.S.C. § 350(b).

[4] *See Thompson v. Commonwealth of Va. (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994) (affirming bankruptcy court's denial of chapter 7 debtor's motion to reopen case to add unpaid court costs from state court criminal conviction since debt was non-dischargeable as a matter of law); *see also In re Burgess*, 2007 WL 130818 (Bkrtcy.E.D.Va. 2007).

[5] Note that the trust deed allowed the Crosses to remain in their residence until they passed away, at which time the home would become the property of the IRS.

-3-

Case 5:08-cv-00258-BO   Document 16   Filed 11/05/08   Page 3 of 5

uncertainty as to how the sale proceeds should be distributed and avoided the expenditure of substantial attorney's fees to litigate the issue. Therefore, even if Mr. and Mrs. Cross did not sign the trust deed, the motion to approve the compromise and the order approving the compromise set forth the Crosses' agreement to sign the deed of trust in favor of the IRS and Mrs. Cross is bound by the order.

Second, two glaring reasons exist that greatly inhibit Mrs. Cross's allegations against her attorney: (1) Mrs. Cross, while represented by an attorney, filed ultimately unsuccessful lawsuits against her attorneys in 1993 and 1996 in state court; and (2) Mrs. Cross filed an ultimately unsuccessful complaint against her attorneys with the State Bar in 2007. While these facts are not fatal to Mrs. Cross's case, they make it highly unlikely that the Bankruptcy Court committed clear error in failing to find wrongdoing on Mr. Russell's part. In addition, there is no evidence that contradicts the Bankruptcy Court's finding, aside from Mrs. Cross's allegations of wrongdoing, which appear to arise from misunderstanding and confusion.

Mrs. Cross also alleges that Mr. Russell improperly added her to the voluntary chapter 11 filing. However, since Mr. Russell represented Mrs. Cross, she has obtained separate representation to file a civil suit against Mr. Russell, which was unsuccessful. Neither Mrs. Cross nor her attorney appealed to the bankruptcy court at that time. It is only now, more than twenty-four years after the initial bankruptcy filing, that Mrs. Cross suddenly argues she was improperly added to the bankruptcy filing. Mrs. Cross has offered no new evidence and has merely repeated allegations and arguments contained in prior unsuccessful motions and lawsuits. To reopen the case now would be to open the proverbial Pandora's box and release a rash of uncertainty into an economy that needs certainty in its bankruptcy decisions.

III.  CONCLUSION

Therefore, because the allegedly forged trust deed was incorporated into a compromise that was approved by Mrs. Cross and because there is no evidence that Mr. Russell was involved in any wrongdoing, Mrs. Cross failed to present sufficient reasons to reopen the case. Accordingly, Appellee's Motion to Dismiss is GRANTED.

SO ORDERED, this __7__ day of November 2008.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE